UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SCOTT MORGAN BRYAN,

    Plaintiff,

v.                                                  Case No: 6:16-cv-1008-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER[1]

Pending before the Court is Plaintiff's Application for Fees and Other Expenses Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 26), which I will construe as a motion. Plaintiff requests an award of fees **in the amount of $5,360.23**. The motion includes a schedule of the attorney's hours to support the application (Doc. 26-2). Plaintiff represents that Defendant does not object to the requested relief so long as the Court's order includes the following language:

> Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA [f]eese and pay fees directly to Plaintiff's counsel.
>
> Under the EAJA, Plaintiff must apply for fees within 30 days of the final judgment in the case. *See* 28 U.S.C. § 2412(d)(1)(B); *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).
>
> "Final judgment" means a judgment that is final and not appealable. *See* 28 U.S.C. § 2412(d)(2)(G). In a case remanded by the district court under sentence four of 42

---

[1] On October 6, 2016, both parties consented to the exercise of jurisdiction by a magistrate judge in this case (Doc. 18). Accordingly, the case was referred to the undersigned by an Order of Reference on October 20, 2016 (Doc. 21).

> U.S.C. § 405(g), the judgment will be final and not appealable after a 60-day period has run See Fed. R. App. P. 4(a); *Shalala*, 509 U.S. at 302; <u>Melkonyan v. Sullivan</u>, 501U.S. 89, 102 (1991). Here, the Court entered judgment on August 24, 107, and the judgment will not be final until October 23, 2017. Plaintiff's motion for EAJA fees is thus premature. The Commissioner, however, has no objection to the Court deeming the petition filed on October 23, 2017, and ruling on it thereafter.

(Doc. 26-1 at 2-3).

Plaintiff asserts that he is the prevailing party, that his net worth at the time the case was filed was less than two million dollars, and that Defendant's position in the underlying action was not substantially justified.[2] (Doc. 26-1 at 1-4; Doc. 26-3). On August 23, 2017, the Court entered a final order reversing and remanding this case back to the Defendant for further proceedings pursuant to 42 U.S.C. § 405(g) (Doc. 24). The Clerk entered judgment the next day (Doc. 25). Plaintiff filed this application for attorney's fees on October 17, 2017 (Doc. 26). The Court waited until the motion ripened past the final judgment date before considering it. Defendant has not objected to the motion and the time within to do so has expired.

Plaintiff has attached a declaration in which he assigns his EAJA fees to his counsel (Doc. 26-3). In light of the assignment, Plaintiff requests that the payment be made payable to him and delivered to his counsel unless the government determines that he owes a federal debt.

Pursuant to the provisions of the EAJA, Plaintiff's motion for attorney's fees (Doc. 26) is **GRANTED**. Plaintiff is awarded attorney's fees **in the amount of $5,360.23** to be

---

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

paid out of the judgment fund. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall pay the EAJA fees directly to Plaintiff's counsel.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record